IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AHDEE PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2301-L-BN |
| | § | |
| DART POLICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Ahdee Price filed a *pro se* complaint against Defendant DART Police asserting "police brutality" – which is liberally construed as alleging that Price was subjected to excessive force in violation of the Fourth Amendment – and explaining, in full, that,

> [o]n December 12, 2021, I was on the train when a random woman called the police and lied on me saying that I "brandished a knife at her" and that she "felt that her life was in danger." When the police arrived on the scene, they asked me to get off the train and I did I was scared for my life so I called my Grandmother. I tried to explain to them I did nothing to nobody, they said put my hands behind my back while holding on to my arms and tasing me. I was not resisting arrest. They got me in handcuffs, then forced my arms the opposite way they don't go, which caused me to have fractures in both shoulders and a slipped disk in my back. I was in a lot of pain. I have so many nightmares and trouble sleeping and I'm very traumatized by the event.

Dkt. No. 3 at 1-2.

Price, who does not appear to be in custody based on the contact information provided in the complaint, also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4.

So United States District Judge Sam A. Lindsay referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court has granted Price's IFP motion, *see* Dkt. No. 6, subjecting the claims to screening under 28 U.S.C. § 1915(e)(2).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

## Legal Standards

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a

- 3 -

complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

As to the claim for excessive force, Price has sued one defendant: "DART Police" – which the undersigned construes to mean the Dallas Area Rapid Transit Police Department.

DART is a Texas municipality. *See, e.g.*, *Graham v. Dall. Area Rapid Transit*, 288 F. Supp. 3d 711, 725 (N.D. Tex. 2017) (citing *Craig v. Dall. Area Rapid Transit Auth.*, 504 F. App'x 328, 334 (5th Cir. 2012) (per curiam); *Williams v. Dall. Area Rapid Transit*, 242 F.3d 315, 319-20 (5th Cir. 2001)).

And police departments of Texas municipalities named as defendants are commonly dismissed as non-jural entities. *See, e.g.*, *Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby*, 939 F.2d at 313)).

But, where a plaintiff names a non-jural entity as a defendant, the Court should allow the plaintiff an opportunity to amend the complaint to cure this deficiency. *See Johnson v. Dall. Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) ("*Pro se* plaintiffs who name a non jural entity as a

defendant should be alerted and given an opportunity to amend before dismissal of the action." (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993))).

Price could be allowed leave to amend the claims to name an individual DART police officer or insert a placeholder for an unidentified officer. *Cf. Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) ("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." (citing *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993))).

But, even if Price did so, from the factual content set out above, the Court may not reasonably infer that any defendant used excessive force against Price.

To plausibly plead such a claim, Price must allege facts to show or from which the court may infer "that he 'suffered an injury that resulted directly and only from a clearly excessive and objectively unreasonable use of force.'" *Allen v. Hays*, 65 F.4th 736, 744 (5th Cir. 2023) (cleaned up; quoting *Cloud v. Stone*, 993 F.3d 379, 384 (5th Cir. 2021) (citing, in turn, *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020))). *Cf. Delacruz v. City of Port Arthur*, No. 1:18-CV-11, 2019 WL 1211843, at *7 (E.D. Tex. Mar. 14, 2019) (considering a Rule 12(b)(6) motion to dismiss, "[t]he central question is whether Plaintiffs have pleaded facts that plausibly suggest the Officers' conduct was clearly excessive and objectively unreasonable").

As the United States Court of Appeals for the Fifth Circuit has explained,

> [t]his is an objective standard. The use of force is not excessive and unreasonable if "the officer's actions are objectively reasonable in light

> of the facts and circumstances confronting him, without regard to their underlying intent or motivation." Many factors are relevant: "With 'careful attention to the facts and circumstances of each particular case,' courts consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Courts will consider "not only the need for force, but also the relationship between the need and the amount of force used." And the reasonableness is "judged from the perspective of a reasonable officer on the scene," instead of the "20/20 vision of hindsight."

*Allen*, 65 F.4th at 744 (cleaned up); *see also Hatcher v. Bement*, No. 3:14-cv-M-BN, 2015 WL 1511106, at *4 (N.D. Tex. Apr. 3, 2015) ("To gauge the objective reasonableness of the force, a court 'must balance the amount of force used against the need for force.' … The inquiry into reasonableness is fact specific." (cleaned up; quoting *Ramirez v. Knoulton*, 542 F.3d 124, 129 (5th Cir. 2008); citation omitted)).

Some allegations made by Price are legal conclusions that the Court need not accept as true – *e.g.*, "I was not resisting arrest." And the rest are too few or too conclusory, under the fact-dependent, objective standard set out above, to suggest that Price was subjected to unconstitutionally excessive force – force that was clearly excessive and objectively unreasonable considering the facts and circumstances confronting the officers on December 12, particularly because it is alleged that the officers were told by another passenger that Price brandished a knife, placing her in fear of her life.

So, even if asserted against an individual or an entity with the the capacity to sue or be sued, Price's claims as currently pled are subject to dismissal.

**Leave to Amend**

The ability to file objections to this recommendation (as further explained

below) allows Price an opportunity to cure the deficiencies identified above – that is, to, through timely objections, provide enough facts to plausibly allege a claim asserted – and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

If Price fails to show through timely objections that leave to amend should be granted, the Court should dismiss this case with prejudice.

### Recommendation

The Court should dismiss this action with prejudice unless, within the time to do so, Plaintiff Ahdee Price files objections that satisfactorily show a basis to amend the complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE