IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **AHDEE PRICE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-2301-L-BN** |
| § | |
| **DART POLICE,** § | |
| § | |
| Defendant. § | |

# ORDER

On November 1, 2023, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court liberally construe the pleadings of pro se Plaintiff Ahdee Price's ("Plaintiff"), who is proceeding *in forma pauperis*, as alleging that he was subjected to excessive force by the Dallas Area Rapid Transit Police Department ("Dart Police Department") in violation of the Fourth Amendment. The Report further recommends that, because the Dart Police Department, the only named Defendant, is a non-jural entity, it should be dismissed from this action.

Instead of dismissing the entire action at this time, the Report concludes, based on the following reasoning, that Plaintiff should be allowed to amend his pleadings and cure the deficiency identified through the filing of objections:

> The ability to file objections to this recommendation . . . allows Price an opportunity to cure the deficiencies identified above—that is, to, through timely objections, provide enough facts to plausibly allege a claim asserted—and thus show the [c]ourt that this case should not be dismissed with prejudice at this time and that the [c]ourt should instead grant leave to amend. *See Scott v. [United States] Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not

>    provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted).

Report 6-7. In addition, the Report recommends that, if Plaintiff fails to show through the filing of timely objections that leave to amend should be granted, the court should dismiss with prejudice this action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. No objections to the Report were filed by Plaintiff as of the date of this order, and the deadline for filing objections has expired.

The Fifth Circuit has explained that a district court may dismiss a complaint that fails to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile") (internal citations omitted). "An amendment is futile if 'the amended complaint would fail to state a claim upon which relief could be granted' under the standard of Federal Rule of Civil Procedure 12(b)(6)." *Id.* (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

In *Brewster v. Dretke*, the Fifth Circuit rejected a pro se litigant's argument that the district court abused its discretion in dismissing his complaint without granting him leave to amend. 587 F.3d 764, 767 (5th Cir. 2009). Like this case, *Brewster* involved an *in forma pauperis* complaint and the issue of whether dismissal was appropriate under 28 U.S.C. § 1915(e)(2)(B). In affirming the district court's dismissal of the action, the court in *Brewster* explained that leave to amend is not required if the district court determines that the *pro se* litigant has pleaded his "best case":

> Generally, as Brewster argues, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) (reviewing the district court's dismissal under 42 U.S.C. § 1997(e)). Granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case." *Id.* Brewster gives no indication that he did not plead his best case in his complaint and more definite statement. He does not state any material facts he would have included in an amended complaint. *See Shope v. Texas Dep't of Criminal Justice*, 283 F. App'x 225, 226 (5th Cir. 2008) (unpublished) ("Shope does not allege what facts he would include in an amended complaint. Therefore, Shope has not shown that the district court abused its discretion in dismissing his complaint.") (citing *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir .1993)); *Goldsmith v. Hood County Jail*, 299 F. App'x 422, 423 (5th Cir.2008) (unpublished) (affirming district court's dismissal of *pro se* complaint when litigant failed to "explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend").

*Brewster*, 587 F.3d at 767-68.

Here, Plaintiff did not file objections to the Report, and he has not requested or explained how he would cure the deficiency identified by the magistrate judge through amendment of his pleadings. Out of an abundance of caution, however, the court will give him an opportunity to file an amended complaint in light of his pro se status because he has not previously amended his pleadings, and it is unclear whether amendment would be futile.

Accordingly, having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge as **supplemented and modified** are correct, and **accepts** them as those of the court. Plaintiff **shall file** an amended complaint by **December 20, 2023**, that cures the deficiency identified by the magistrate judge with respect to his current excessive force claim or alleges another plausible claim for relief. Failure to do so will result in dismissal with prejudice of this action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

It is so ordered this 22nd day of November, 2023.

Sam A. Lindsay
United States District Judge

**Order – Page 4**