IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AHDEE PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2301-L-BN |
| | § | |
| DART POLICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ahdee Price initially filed a *pro se* complaint against Defendant DART Police asserting "police brutality" – which the Court liberally construed as alleging that Price was subjected to excessive force in violation of the Fourth Amendment. *See* Dkt. No. 3. And United States District Judge Sam A. Lindsay referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned entered findings of fact and conclusions of law recommending that the Court dismiss the complaint. *See* Dkt. No. 8. While Judge Lindsay accepted the findings, conclusions, and recommendation, the Court allowed Price leave to file an amended complaint. *See* Dkt. No. 9.

Price filed an amended complaint [Dkt. No. 10], naming as defendants the DART Police Department, five unidentified DART police officers, and the City of Dallas, and therein sets out factual content that requires further judicial screening as his excessive force claim. *See id.* at 2 ("When the police arrived, they told him to

get off the train. He did. He was concerned that his life was in danger, so he called his grandmother. He told the police that he had done nothing and asked them what they wanted with him. They proceeded to put his hands behind his back while holding on to his arms and tasing him. He was not resisting arrest yet one of the police yelled stop resisting to justify the excessive use of force. In the process, he was handcuffed, and his arms were hyperextended in a direction that fractured both shoulders and displaced a vertebra in his back.").

To further the pre-service screening of Price's allegations, *see* 28 U.S.C. §§ 1915(e)(2)(B) – and to learn the identity of those involved, to determine who (if anyone) should be served – the Court ordered Dallas Area Rapid Transit ("DART") to undertake a review of Price's allegations to ascertain the relevant facts and circumstances and to gather any related court filings and records and file a report consistent with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). See Dkt. No. 11.

DART filed its report. *See* Dkt. Nos. 12-15.

And Price now moves "to set aside the entry of default judgment" (although no default has been entered) and, contradictorily, "to enter a default judgment" against the defendants because they "have not filed an answer or other responsive pleading." Dkt. No. 16.

Where a defendant has "failed to plead or otherwise defend" an action, FED. R. CIV. P. 55(a), the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent

person"; and (3) the defendant is not in the military, FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

Here, the Court ordered the *Martinez* report prior to – and to determine whether to (and how to) order – service. So Price has not demonstrated the first prerequisite to default and default judgment. That is, "a defendant can not make an appearance for purposes of Rule 55(b)(2) until after the service [is effected such that] the defendant becomes susceptible to default." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *see also id.* at 938 ("Like formal service of process, a waiver of service of process marks the point in a lawsuit after which the defendant must answer or risk default."); *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) ("Until [a defendant] is properly served," the plaintiff "cannot obtain a default judgment." (citations omitted)).

DART's filing the *Martinez* report, as ordered, also reflects that, to the extent that Price claims that DART itself is a defendant in default, DART has not failed to "otherwise defend this action." FED. R. CIV. P. 55(a); *see, e.g.*, *Staten v. City of Dall.*, No. 3:19-cv-843-L-BN, 2020 WL 1083605, at *2 (N.D. Tex. Mar. 6, 2020) ("A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law." (citing FED. R. CIV. P. 55(a))).

The Court should therefore deny Price's motion.

**Recommendation**

The Court should deny the motion requesting entry of default and default

judgment [Dkt. No. 16].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE