IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AHDEE PRICE,                          §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:23-cv-2301-L-BN
                                      §
DART POLICE,                          §
                                      §
            Defendant.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ahdee Price initially filed a *pro se* complaint against Defendant DART

Police asserting "police brutality" – which the Court liberally construed as alleging

that Price was subjected to excessive force in violation of the Fourth Amendment. *See*

Dkt. No. 3. United States District Judge Sam A. Lindsay referred this case to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference. The undersigned entered findings

of fact and conclusions of law recommending that the Court dismiss the complaint.

*See* Dkt. No. 8. And, while Judge Lindsay accepted the findings, conclusions, and

recommendation, the Court allowed Price leave to file an amended complaint. *See*

Dkt. No. 9.

Price filed an amended complaint [Dkt. No. 10], naming as defendants the

DART Police Department, several unidentified DART police officers, and the City of

Dallas, and Price set out factual content that required further judicial screening as

to his claim of excessive force. *See id.* at 2 ("When the police arrived, they told him to

get off the train. He did. He was concerned that his life was in danger, so he called his grandmother. He told the police that he had done nothing and asked them what they wanted with him. They proceeded to put his hands behind his back while holding on to his arms and tasing him. He was not resisting arrest yet one of the police yelled stop resisting to justify the excessive use of force. In the process, he was handcuffed, and his arms were hyperextended in a direction that fractured both shoulders and displaced a vertebra in his back.").

While the Court has continued to screen the amended allegations as to the individual officers, the operative complaint does not plausibly allege a claim against either the DART Police Department or the City of Dallas.

So the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the claims against those defendants with prejudice.

## Discussion

DART is itself a Texas municipality. *See, e.g.*, *Graham v. Dall. Area Rapid Transit*, 288 F. Supp. 3d 711, 725 (N.D. Tex. 2017) (citing *Craig v. Dall. Area Rapid Transit Auth.*, 504 F. App'x 328, 334 (5th Cir. 2012) (per curiam); *Williams v. Dall. Area Rapid Transit*, 242 F.3d 315, 319-20 (5th Cir. 2001)).

And Price alleges no facts that could support liability against the City of Dallas, a separate Texas municipality.

Nor does Price provide factual content that could plausible plead that any municipality is liable for the harm alleged.

"In municipal-liability cases," the threshold question "is whether the complained-of act may fairly be said to represent official policy." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 792-93 (5th Cir. 2020) (cleaned up).

An official policy may include "practices so persistent and widespread as to practically have the force of law." *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) (citation omitted).

"Plausibly to plead that a practice is so persistent and widespread as to practically have the force of law, a plaintiff must do more than describe the incident that gave rise to his injury." *Id.* (cleaned up).

So, almost without exception, allegations "limited to the events surrounding the plaintiff" himself cannot constitute "an allegation of a *de facto* policy." *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015).

Instead, "[a] plaintiff can establish a policy by pointing to similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [municipal] employees." *Robinson v. Midland Cnty.*, 80 F.4th 704, 710 (5th Cir. 2023) (cleaned up).

As to the DART Police Department as a named defendant, police departments of Texas municipalities named as defendants are commonly dismissed as non-jural entities. *See, e.g.*, *Combs v. City of Dall.*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam) (affirming dismissal of "the DPD as a defendant because it is a servient political department that does not enjoy a separate and distinct legal existence from

the City of Dallas," as the plaintiff failed to "show that the City of Dallas granted the DPD the capacity to sue or be sued as a separate and distinct entity" (citing *Darby*, 939 F.2d at 313)).

## Recommendation

The Court should dismiss with prejudice the claims against Defendants City of Dallas and DART Police Department.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE