IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **AHDEE PRICE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-2301-L-BN** |
| § | |
| **D.A.R.T. POLICE DEPARTMENT;** § | |
| **OFFICERS JOHN DOE 1-5; OFFICER** § | |
| **JANE DOE; and DALLAS, TEXAS,**[*] § | |
| § | |
| Defendants. § | |

## ORDER

On July 21, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 52) was entered, recommending that the court dismiss with prejudice the claims against the remaining Defendants in this case. Specifically, the Report recommends that the court grant the Joint Motion for Summary Judgment as to Qualified Immunity (Doc. 33), filed by Dallas Area Rapid Transit ("DART") Police Officers Sir Mayes, Michael Veail, Justin Wilkerson, Christopher Palovik, K. Miller-Lawson, Timothy Kvasnicka, Samaria Robinson, and Gregory Davenport, and J'ashala Haynes ("DART Officer Defendants") and dismiss with prejudice pro se Plaintiff Adhee Price's ("Plaintiff") claims for alleged violations of his constitutional rights (that he was subjected to excessive force in violation of the Fourth Amendment) brought pursuant to 42 U.S.C. § 1983 against the DART Officer Defendants, who were originally identified in Plaintiff's Amended Complaint (Doc. 10) as Officers John Doe 1 through 5 and sued in their official and individual capacities. The Report concludes that the DART Officer Defendants are entitled to summary judgment on their defense of qualified immunity. The

---

[*] All claims against Dallas Area Rapid Transit or DART and the City of Dallas or Dallas, Texas, were previously dismissed with prejudice by order dated July 23, 2024. *See* Doc. 22.

**Order – Page 1**

Report further recommends that the court dismiss with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's remaining claims against the unidentified nurse because his pleadings do not raise a reasonable inference of deliberate indifference by a duty nurse, who notified the DART Officer Defendants that he needed "immediate medical attention."

Finally, the Report recommends that the court deny Plaintiff's Motion (Doc. 50) in which he requests: "If any extension is required, . . . that the court grant it in advance" in light of his current incarceration. The Report reasons that Plaintiff's request "for a generalized extension of time based on his incarceration" was filed months after he responded to the DART Officer Defendants' Motion for Summary Judgment such that "there are no pending deadlines to extend" and there is no reason for the court to delay the resolution of this case. Doc. 52 at 5.  As of the date of this order, no objections to the Report were received by the court, and the deadline for filing objections has expired.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the Joint Motion for Summary Judgment as to Qualified Immunity (Doc. 33) and **dismisses with prejudice** all claims by Plaintiff against the DART Officer Defendants for alleged constitutional violations. Further, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court **dismisses with prejudice** all claims by Plaintiff against the unidentified nurse, who is referred to in his Amended Complaint as Officer Jane Doe, as Plaintiff's pleadings fail to state any viable claims upon which relief can be granted against this Defendant.  Finally, the court **denies** Plaintiff's generic request (Doc. 50) for an extension of time, as the request is not sufficiently specific, and all summary judgment deadlines had expired when he requested the extension.  The court also notes that it waited thirty two days after issuance of the Report to enter

this order before ruling on the Report's recommended course of action and pending motions. Thus, despite having an adequate opportunity to respond to the Report, no response or objections by Plaintiff to the Report were received by the court as of the date of this order.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

It is so **ordered** this 22nd day of August, 2025.

Sam A. Lindsay
United States District Judge